Jackson v. Home Depot. All right, Mr. Haskins, we'll hear from you. May it please the Court, Stuart Haskins on behalf of third-party defendant and appellant, Home Depot. When Congress passed the class action… That was a concession. I don't think you should start off that way. Well, I didn't want to upset the Court because I didn't want to… You want to say the real defendant in this case. I did want to say defendant, but that was the way… All right, that's fair enough. That's a good tactical position then. When Congress passed the Class Action Fairness Act in 2005, it made it clear that the provisions of the act should be broadly construed in favor of federal court jurisdiction. One of the provisions of that act, section 1453B, is at the center of this appeal. Now, that section is very simple, and it actually presents a very straightforward issue for this Court. It states that a class action may be removed by any defendant without the consent of all the defendants. Now, Home Depot was brought into this case initially, for the first time, through service of process in North Carolina State Court by the plaintiff, Mr. Jackson, the plaintiff as to Home Depot. The case had originated, of course, as a collection action by Citibank, but when Mr. Jackson filed his counterclaim, he only counterclaimed in an individual capacity against the original plaintiff in the case, and he brought in two new defendants. He brought in Home Depot, and he brought in Carolina Water System. Those claims related to the purchase of a water system from Carolina Water System. Effectively, what he did was create a branded lawsuit, because those were class action claims, but because Home Depot was a defendant to these new claims, was newly added to the case. That doesn't palisade collections. Stop what may be a good argument on your part. Your Honor, I don't think it does. Puts up a hurdle. It puts up an opportunity. I think Judge Niemeyer told us in his dissent. You prefer to have these types of opportunities, or you prefer to have the law on your side? So that's what we call a hurdle. I was only a dissenter, but the majority holding, as I understood it, was to get around, was to accommodate the shamrock rule. In other words, removable initially was obtainable by plaintiffs and defendants. When the rule was changed that only defendants could remove, then the argument comes that when there's a counterclaim defendant, who happens to be the plaintiff, that's the same person. You're getting around the rule that you don't let the plaintiff remove. But in this case, I think your argument has to be that in the state court, when the Citibank case was dismissed, both the counterclaim and the claim, what was left in the state court was a Jackson v. Home Depot and Carolina Water Systems. Simple and plain. That's all that was left in the state court. At that point, after that situation, regardless of what labels you have on them, it was removed. And then now your argument has to be it's just a labeling question and not even a realignment. Although Carolina, a city in Indianapolis, which none of you relied on very much, but the Supreme Court pointed out that in determining who the plaintiff and the defendant is, you look at the two sides of the dispute. And in this case, the two sides of the dispute, Jackson and Home Depot, that's your argument. It's got to be, isn't it? And Palisades doesn't inform it because we're not now talking about a plaintiff and a defendant who are simultaneously the same person. You're exactly right, Your Honor. I would think you'd say that, but I'm not sure. Is that your argument? That is our argument. You did an excellent job making it. That is not our only argument. I think Your Honor is exactly right when the Supreme Court told us in the Indianapolis case that diversity jurisdiction cannot be conferred upon federal courts by the party's own determination of who are plaintiffs and who are defendants. Rather, what the Supreme Court said is it's the duty of the courts to take a look at the controversy that is before the courts. I would suggest that that really was a realignment situation, and that occurs when you have declaratory judgments and you have the real actions and you have people joined in various fashions. But this case is probably simpler. It follows those principles, but it's probably a relabeling rather than realigning. And the relabeling occurs in the state court. In the state court, after Home Depot got out, excuse me, Citibank got out, and Jackson dropped his counterclaim against them, you now left in the state court with a case of Jackson v. Home Depot in Carolina, which is a class action. I think that's exactly right. Now the question is why isn't that removable and does Palisades, I think the better question and is still a very good argument your opponent will raise, is that's still governed by Palisades because Palisades extended the rule to an additional counterclaim defendant, not just the plaintiff counterclaim defendant. And here that could be argued, except I'm not sure Palisades would have been decided the same way, if there were not a plaintiff defendant overlap. But it seems to me that's the rub, which goes back to Judge Shedd's original question. What does Palisades do to this decision? And you don't need to appeal to my dissent because that doesn't help anything. The reference to your Honor's dissent was simply that in closing you pointed out or lamented, I would say, that this decision by Palisades. But it doesn't do you any good to point out what he lamented to. You have to point out to why we can do what you say you would have us do. It looks perhaps, I would say, you have to come up with an explanation on how we can get around that decision. I'd say it looks to me like one might look at your case and suggest you're locked between law and common sense. Because what you propose doing makes perfect common sense, I think. I agree. But you have to look at the law and tell us how under the law, how do we do that? I don't think the law is against us either. First, because the Palisades decision was based upon an erroneous interpretation and construction of the capitalization. No, it applied Shamrock rule. Well, the Shamrock rule, Your Honor. The Shamrock rule basically says we're not going to give the plaintiffs removability. And Palisades honored that when the plaintiff and the defendant were one and the same. But the Shamrock rule, of course, Your Honor, was very narrow. It was only interpreting 1441, a different statute than 1453. And it did so based upon a strict construction against removal. Now, the exercise of jurisdiction over a newly added defendant in the context of a defendant like Home Depot, in this case, is actually consistent with Shamrock. It seems to me that's not a way to start your argument. If you're hoping to be successful by going, we ask you, what about Palisades? And you go, well, Palisades erroneously. Well, maybe Palisades erroneously, but Palisades is the law. It doesn't help to define what they did as that case is in error. We have to deal with it, because for us it's not in error. Pardon my adjective, Your Honor. It's not anything about adjectives, but I think it betrays what your argument is. You think Palisades is wrong, but we have to deal with Palisades. Well, it's not just myself that thinks that Palisades is wrong. No, but you can get the whole public that may think it's wrong, and all that does is flatter the dissenter. But that doesn't help the case go forward, because we're bound by the majority. The better approach would be, I respectfully suggest, is to point out why Palisades may not be applicable, at least in its full scope. And, Your Honor, I think that's exactly where we are, because there's no question that in Palisades, the majority in that case relied upon a strict construction, a narrow construction of capital. And in 2014, the Supreme Court told us in dark Cherokee that that approach was wrong. That is not the correct approach to take. Now, do you think that if Palisades were to be argued again in light of Cherokee, that it would come out differently? I do, Your Honor. And that's not just, again, me saying that. If we look at other circuit courts, they have recognized the significant impact of the dark Cherokee decision, and specifically the courts ruling in dark Cherokee that there is no anti-removal presumption. In fact, what those courts have said is that instead of applying a strict… Do you think the question is, would it or must it have been decided differently? I think it would have been decided differently, and it must be decided differently. But must is important, isn't it? That's much more important. You think there's anything in the Supreme Court law that requires a different decision? I think the Ninth Circuit has told us exactly that. I didn't ask then. I said, what's your argument to us? Is that your argument, that the intervening Supreme Court law basically vitiates Palisades? That is my argument. And the Ninth Circuit has told us that happened exactly in another context. That was in the Jordan case, and in that case, the Ninth Circuit found that Congress and the Supreme Court have instructed us to interpret CAFA's provisions under Section 1332 broadly and in favor of removal. And we extend that liberal… What has the Seventh Circuit said about all this? They agree with you? They did not. And they looked at a more precisely closer issue, didn't they? I'm not saying either one of them controls us, but didn't the Seventh Circuit look at this and say your argument is wrong? The Seventh Circuit looked at this. In fact, I was standing before the Seventh Circuit and Judge Wood and the other fine judges of that court almost exactly one year ago today. Do you think this panel is smarter than that panel? I hope they are. Well, we'll pass the record on to them. I will say that the record will reflect that we quoted extensively from Judge Niemeyer at that time. But the point is, the Seventh Circuit didn't buy your argument, did they? They did not. But I think there's a couple of important considerations for why this court should not… Some of those judges were friends. I'm sorry. There can be disagreements among friends, Your Honor. Let me ask you, you know, I sort of tossed it out, and I'm still curious to have you consider. When the case was removed structurally, there was three parties, Jackson Home Depot and Carolina Water. Correct. And their dispute involved whether there was a misrepresentation and undue encouragement and defective equipment and so forth, class action. It seems to me that if those three parties were the only three parties in the state court, the labels were mislabeled, at that point, historically, they were labeled correctly, and that Jackson was the plaintiff and Home Depot and Carolina Water were the defendants in the state court. I would agree. Functionally, it's beyond dispute. If you applied Indianapolis, city of Indianapolis, there would be just a zero question on that. Correct. I think the issue is… In that case, if that's so, if it's an alignment question under Indianapolis, there's no Palisades argument at all. That's right, Your Honor. And I think the issue is simply one of timing. And I think that's the mistake that the district court made here. The conclusion that the court reached is that the primary purpose of the filing of the initial action was the collection of a debt. That was by city bank. But that was not the issue before the court. As Your Honor has pointed out… But don't we look, in this circuit, do we look at the realignment at the time of the actions filed? What the real case is at the time of the filing? Do you run into that problem on realignment? I think you have to look at it at the time… I was asking, isn't that what the law is in this circuit? As to realignment, you look at it at time of filing? I don't believe so, Your Honor. If it is, do you have a problem? If the question is, do we look at realignment… I've answered the question, yes. At the time the complaint is filed, yes, we would have a problem. Because we weren't even a party to the case at that time. All right, thank you. Could I ask you, in the 45 seconds you have remaining, to affirmatively capture your argument? What is your argument for getting us to do what the Seventh Circuit declined to do? Yes, thank you. What this court should do is take a look at Section 1453B and apply the correct interpretation of CAFA, the correct standard for interpretation, which is not a narrow construction, but rather a broad construction that favors removal. Look at that language and say, under the language any defendant, Home Depot has the right to remove this case. It is any defendant, whether… And if, is that premised on your reading of Palisades, that Palisades did not impermissibly apply an anti-presumption removal, an anti-removal presumption to CAFA cases? Yes, but it doesn't have to be because if the court… What doesn't have to be? That doesn't have to be… What are you saying? Did we get it wrong? Are you saying that we applied an anti-removal presumption on Palisades? Is that part of the basis of your argument? Yes, without question, Your Honor. And just why, just one, quickly, quickly, why is that? Because it wasn't clear to me that we did invoke an anti-removal presumption there. Well, three things. First, the court relied on Shamrock, which in and of itself was based upon a strict and narrow construction against federal court jurisdiction. So by implication because of the reference to Shamrock? Correct. Okay. Second, the court not once but twice references its obligation to strictly construe the statute against jurisdiction in favor of remand. And third, the court specifically, I believe it was in footnote five of the opinion, Your Honor, rejected the argument that AT&T made, which is that an anti-removal presumption had no place in CAFA removals. And so what we find ourselves with, Your Honor, is the court clearly would have not used that argument and rejected it and then cited these other doctrines of statutory interpretation unless they influenced their decision. Okay. Although I read the second one, which seems to be the point that you made, which seems to be the most direct. It just seems to me what the majority said was simply that the decision, its interpretation wasn't inconsistent with the duty to apply, to construe removal jurisdiction narrowly. It did not invoke it. At least that was my reading of that language. I think, Your Honor, we can only presume that it influenced the outcome of the decision. What we do know, in a little more nuanced fashion, I'm not sure it would have influenced the removability by the plaintiff or counter-defendant. I think the court might have stuck with that. It might have applied the presumption in order to have the additional added defendant reaching that. That may have been the reasoning for the court to get to that. If you were to buy that interpretation, then it seems to me Dart-Cherokee might modify Palisades to say, at least with respect to the added defendant, it requires a new approach. Whereas I think the original plaintiff-defendant may still remain to be good Palisades law. Yes, Your Honor. May I make one final point on this point? Sure. What we do know is that, in Palisades, the court did not broadly construe the statute in favor of removal. So, to use the thumb-on-the-scale analogy, they had their thumb on the side of remand. But that only makes the decision erroneous. All that does is make it erroneous. So what? Well, I think if they started down the wrong path, that led them to the wrong place. It's a wrong decision. It still binds us. You seem to have missed that point. We have two possibilities, and you didn't quite present your argument confined to them. One possibility is to find that Palisades doesn't control this particular circumstance. The second is the Supreme Court's ruling overruled or narrowed Palisades. I think those are the two alternatives. The criticism of Palisades gets you nowhere. We, as a panel, as you know, don't overrule prior law. Understood. And I think it's the Supreme Court's ruling that underlies it. That's where you want to rest your argument. All right. Thank you. Let's hear from Mr. Leitz. Is it Leitz or Light? Leitz, Your Honor. Leitz. May it please the Court, David Leitz for the appellee. Your Honor, considerations of stare decisis have special force in areas of statutory interpretation. You know all that. Let me address my question, and it's a very serious one. Once the shape of the case in the state court takes the shape of Jackson v. Home Depot and nothing else, at that point, why can't Home Depot removed under the principle of a defendant may remove it once it becomes removable? In other words, it's not the inception removal, but there is a statutory provision that says once it becomes removable, they can remove it. Why wouldn't that be the case after the case is reshaped? First and foremost, Judge Niemeyer, with all due respect, that is an inaccurate statement of the facts. Citibank was still in the case when the case was removed to federal court. Not according to my record. You can correct me on this. I have that the dismissal was September 23, 2013. Yes, Your Honor. The dismissal of their affirmative case did occur in state court before the case was removed. Citibank and Jackson ended their cases on September 23. There was a dismissal that got them out of the case, and Jackson dropped his claim. No, Your Honor. With all due respect, the fact sequence of this is as follows. Citibank filed their affirmative case for debt collection in state court in Mecklenburg County, North Carolina. At that time, Mr. Jackson filed his defenses, his counterclaims against Citibank, which included class action counterclaims against Citibank. Well, I understand. I understand. I'm talking about when the case was reshaped, and then Home Depot could have concluded under 1450. I don't know exactly the provision it is. It's 14. There is a provision that extends the time for removal. Yes, Your Honor. But setting that aside, my question was, didn't the case get reshaped in the state court? In other words, when it was removed in October of 2016, October 12, at that point in time, there were only three parties. No, Your Honor. That is not correct. Citibank was still in the case as a counterclaim defendant. In October? Yes, Your Honor. And so then what subsequently happened with all of the parties in federal court, including Citibank as a counterclaim defendant and as a plaintiff who had dismissed without prejudice, then subsequently the plaintiff amended their answer and third-party claims and dropped Citibank out of the case. And quite frankly, Your Honor, the reason for that is Citibank had filed a motion to compel arbitration in the federal court proceeding, and the plaintiffs or Mr. Jackson, for tactical reasons, decided let's get Citibank out of this and let's just proceed against Home Depot and Carolina Water Systems. So as a first matter, first principle, it's incorrect to say. Wait one second. I'll try to follow. Did you say that Citibank was still in as a counterclaim plaintiff? Counterclaim defendant. So they filed initially as a plaintiff in state court, and as part of the answer that Mr. Jackson filed as the defendant to that collection action, he filed affirmative counterclaims that were tied up in his defenses. The defenses to this case are the same as the- No, I'm just asking the posture of Citibank in federal court. Counterclaim defendant and dismissed plaintiff without prejudice. And this is where the district court focused in- When you say dismissed what? Dismissed plaintiff without prejudice. I don't know what that means. So, Your Honor- Who dismissed whom? Citibank dismissed their affirmative claims- When did they do that? In state court, Your Honor. Well, that's what I thought. But they are still in the case, Your Honor, when it comes to federal court. Because they were a defendant? They were a counterclaim defendant. They were a counterclaim defendant, Your Honor. And so they're still in the case, and it's significant, and it was significant to the district court's analysis, Your Honor, under the Arrow Financial case, that the manner in which Citibank dismissed their claims was without prejudice. And the reason for that is because one could say, this is Citibank just sort of gaming the system, and it's a protectional dismissal to gin up federal court jurisdiction. And this is what we want to prevent. We don't want a plaintiff to dismiss with prejudice, to manufacture federal court jurisdiction, and then come back later on and refile in state court. And that's- And your authority for that proposition? The Arrow Financial case, Your Honor. That's right. And that's what the district court cited. Yes, that's right. And Judge Shedd, you pointed to something else that's very important to this analysis relative to Judge Niemeyer's question. And that is, what is the rule in this circuit about when we evaluate the positioning of the parties for purposes of removal jurisdiction? And both the Palisades case itself says we ignore the counterclaims and the third-party claims for purposes of the removal analysis. I know, but there is a statutory provision that says, and this happens regularly, when the cases get dismissed, people get, for instance, non-diverse parties get dismissed and so forth. At that point, you look and re-look at it for removal purposes. And the person, once it becomes removable, you have to remove it within 30 days of that point. Yes, Your Honor. And that's a statutory provision. But again, even if we look at this at the time of removal, as opposed to the time of the initial case being filed, the same result still obtains because of Citibank's dismissal without prejudice, which is significant in this case because Citibank can come back around- No, no, because of their dismissal without prejudice or with the fact that because they're still in the case as a counterclaim defendant? Both, Your Honor. You're arguing that the status of the dismissal without prejudice independently has consequences because it can be reversed without- Yes, Your Honor. Yes, Your Honor, and it allows parties to game the system and to manufacture federal court jurisdiction for what's indisputably a plaintiff, Citibank, where there should be- It's not really manufacturing. If everybody dismissed in state court and Jackson filed a separate action against Home Depot, Class Action, and Carolina Water Systems,  Yes, Your Honor. and so what we're talking about is a structure that is changing, and of course the removal statute does accommodate that, but- All right. Yes, Your Honor. I understand your position. And, Judge Niemeyer, I'm glad you brought that up because that actually segues me back to the Palisades analysis, and where I want to go with this is to Judge Bybee's dissent, or not dissent, concurrence. Judge Bybee's concurrence in Westwood v. Contreras, which Home Depot relies upon in great measure in their briefing. And what Judge Bybee said is exactly what you're saying, Judge Niemeyer, which is this may seem like a strange result, where if this was an affirmative case that was brought by Mr. Jackson against Home Depot and Carolina Water Systems, then it would be potentially removable. But under the prevailing case law, under 1453B, in the plain language, we don't reach that result, and it's for Congress to take the step. Can I say this? My question wasn't to bar discussion of Judge Niemeyer's question. It strikes me that maybe you get it. Maybe you get it. I don't think the other side does at all. I don't think they understood what Judge Niemeyer was saying at all, and I was trying to, I think in a case like this, you better listen closely to Judge Niemeyer, because as I understand his question sitting here, and I'm saying this to other counsel as well, he is, remember when I asked the question, are you stuck between the law and common sense? Yes, sir. It strikes me, and I was paying attention to the question being asked, and Judge Duncan's also asked some questions along this line, that Judge Niemeyer is suggesting something to resolve that, to make sense of, let's call it arcane rules on how we deal with this, and you notice he said labeling. He didn't say realignment. Then I asked about realignment, which I think is determined at the time of the filing, but maybe I'm wrong, but I took it that Judge Niemeyer is suggesting at least an approach to deal with this, which is, I take it to be maybe a new concept or not, but it's called relabeling, and it plays into the statute, which does allow timing of removal from the earliest point possible. That's what he's suggesting, to make sense of all of it, and I think maybe, I don't think we've really addressed that yet, and it seems to me a question about, but if it were an independent action between your client and Home Depot, we wouldn't be here just talking about this. It would be removable, and he's trying to figure out a way, in light of all these cases, how do you reconcile them all? I know you think they are reconciled in a way that you win, and especially you seem to hang on that, you know, dismissal wit without prejudice, I guess. I don't know if that controls it, but do you see the point that Judge Niemeyer, I think, is making? I believe that I do, Judge Shedd, and again, I think it's the same point that Judge Bybee, in his concurrence, got to, which is, this seems strange. This doesn't seem like the result that should obtain, and yet Judge Bybee says, we're constrained by 1453B. We're constrained by cases like Palisades. We're constrained by Seventh Circuit authority like First Bank. Well, actually not, but I take your point. Yes, Your Honor. It's astounding to me whenever anybody stands here and says that courts are restrained by anything on what they do. I've preached that forever, but this may be the first time I've heard somebody really stand up and say they buy into that. They always want to explain to us how we aren't limited, and we have to work it so that it makes sense. And by the way, I would say somebody who does agree with that philosophy might be this panel, but certainly I don't want to speak for the panel. My assessment of Judge Niemeyer is that's his view, but having that view doesn't mean you don't see if there isn't a way within that view and constraints on the court that you can't resolve it, because the law isn't written 1A, you don't do this, 1B, you don't do that, 1C. You have to look at it, and you have to make a decision. We have to, because these cases fall into the cracks, as you know. You have to look at it in a way that, and he couched his questions, quite frankly. This isn't a tribute to Judge Niemeyer today, but he couched it in terms of how do you do that. You have two options to the other side, he said. You need to argue one of those, it seems to me. You can't talk about, because you can't talk about palaces being erroneous. That won't go with us. That won't go with us, but it still does sort of look for the law. Does it look for the law to make common sense? Bybee doesn't say to do this. Bybee just goes, this is a problem. Congress, that's sort of been my pitch oftentimes, but I'm open to listen to a way that doesn't do harm to the law in a way we do have the authority to answer a question like this. And I think my questions were meant to boast of Judge Niemeyer's approach to, is there a way, I think we heard a new phrase maybe called relabeling. And it would be a new phrase, Your Honor, and it would be the practical effect of it would be the unwarranted expansion of the interpretation of 1453. Let me ask you just a little different question. Palisades seems to me arguably, even based on my position back then, arguably applied the rule, a plaintiff, an original plaintiff, doesn't lose that label, so to speak, doesn't lose that position, just because he becomes a counterclaim defendant and therefore is barred from removing. Yes, sir. The court did add a new defendant, counterclaim defendant, which was not an original plaintiff, which would not fall into that rule. It looks to me like that was added on the presumption, a notion of construing narrowly and keeping that counterclaim defendant in. If we were to look at dark Cherokee to say that Palisades remains good law, even under the different standard with respect to the plaintiff, counterclaim defendant, but say that it dictates a different result with respect to the added defendant. Now we have a modified understanding of Palisades, if that works. The question I have then is with that holding in Palisades and with the notion in this case that Citibank, who was the original plaintiff, did not remove, it was Home Depot that did, does Palisades now move to the side in the margins? And I'd be interested in hearing your views on that. I would say no, Your Honor, and there's three reasons why. First of all, you have the advantage of having been there, but I would say that the plain language of the Palisades decision makes it clear that the conclusion about defendant meaning defendant and not meaning counterclaim defendant and third-party defendant was reached first, and then the majority said, and we note that this is in accord with the presumption, the anti-removal presumption that dark Cherokee did away with. So as a matter of the plain language of the decision in Palisades. My suggestion is that Palisades did not turn on its observation about a narrow approach. Not just my suggestion, Your Honor, but the quote is, this conclusion is consistent with the well-established principle that we are obliged to construe removal jurisdictions strictly. This conclusion came first. You like state court class actions better than a federal court, huh? Right. Well, if I may, I mean, the reason that your distinction without prejudice resonates with me is that it does invite gamesmanship otherwise to allow a plaintiff to voluntarily and without prejudice dismiss the proceedings that it initiated state court if they appear to be going off the rails in order to create federal jurisdiction, all of which is at the very least in significant tension with the general proposition that a plaintiff can't remove a counterclaim. Yes, Your Honor. And there does seem to be a wholeness to that proposition that does not admit of the limited exception that we're considering here. Right, Your Honor. And as the Seventh Circuit noted in their oral argument on the Bauer case, it also forecloses this creation of different classes of counterclaim defendants where you have a plaintiff counterclaim defendant that can't remove and you have a new counterclaim defendant that can. That's a rule of practicality. It makes sense. Yes, Your Honor. And swinging back to your question, Judge Niemeyer, the other point that I wanted to make is we have the example set by the Seventh Circuit in both the First Bank case with Judge Easterbrook and the Bauer case with Judge Wood where they never had an anti-removal presumption and they still reach the same conclusion relative to third-party defendants. And Judge Easterbrook says plain meaning of defendant is defendant and by using a word with an established meaning, Congress produces the established result. And this is the point that Judge Bybee makes in his concurrence, that Judge Wood makes in the Bauer decision. If we're going to expand defendant as it is written in 1453B without making a hash of Chapter 89 where it becomes inconsistent with 1441 and with 1446, that's for Congress to do. That's for Congress to come in and say it includes counterclaim defendants and third-party defendants. And Congress has shown that it's perfectly willing to come back to this statute. In 2011, we have this congressional action with the later filed defendant. I have a question also about picking up on Judge Niemeyer's question about the reshuffling that occurred. Is there an argument to be made temporarily, and I don't remember this from the record, that would allow a removal that has to be made within the 30 days of the change coming into play? Do you see what I'm asking? If someone dismisses and it affects diversity, for instance, there's 30 days to remove. Is that 30-day window available on these facts after the realignment took place? No, Your Honor. That was my recollection. I wanted to make sure. The facts of the case are that, and I think Home Depot would concede this, that their 30-day window ran at the time that the third-party complaint by Mr. Jackson was filed against them. It didn't have anything to do with when Citibank dismissed their claims. So it's actually back to- But it says after it becomes removable, 30 days after it becomes removable, and the argument would be, and it may be precluded by the facts that you've laid out, but the argument would be is that as soon as Citibank got out of the case and then avoided the Palisades rule, it became removable. That's the argument. But maybe the facts you relate, it never did avoid the Palisades rule because- It didn't get out, yeah. Yeah, because there was still a counterclaim defendant. Absolutely, Your Honor. And one more thing I want to add here. There is another factual wrinkle in this case which I think is important, and that is that North Carolina civil procedure is slightly different than federal civil procedure, and Citibank was able to dismiss without prejudice, without having to contact Mr. Jackson and his counsel and to seek consent. And that's a distinction between North Carolina Rule 41 versus federal. When did Jackson drop his claim against Citibank? In- In federal court? In federal court. And he did that with a dismissal order or what? With an amended- Medical complaint? Yes, Your Honor. All right. Thank you, Mr. Leach. Thank you, Your Honor. Mr. Haskins? Now, you know that my misunderstanding of the facts changes a lot of the discussion that you and I had initially, and I'm sure I probably want to withdraw all my comments. It seems to me that you can still make arguments about if Citibank is still a counterclaim defendant, it's an additional defendant, and the Palisades Rule might apply because there really would not be a total relabeling. It still is in the case, although it's not the removing party. Well, Your Honor, I think the proper label for Home Depot in this case is a defendant. Home Depot was never a counterclaim defendant. Home Depot was never a plaintiff. Home Depot is a third-party defendant. Correct. Home Depot was never- It remained a third-party defendant. It's hard to recharacterize them as the main defendant because there was still Citibank in the case. Citibank was in the case, but only at that point as a counterclaim defendant, not as a plaintiff. That's right, but the structure of the case- the application of Palisades. But without the restructuring, I'm not sure that you can get around Palisades. I think that the realignment motion is the proper time to assess that issue, Your Honor. And, Judge Shedd, I recognize and respectfully that you had said that you think the proper time to do that is at the time of the complaint. Isn't that the law here? But I believe the law in the Fourth Circuit that was stated in the U.S. Fidelity case- So, wait a second. Your argument is you think you went on realignment? I think we went on realignment. Realignment where? But you're not a defendant when this is in federal court. The defendant still is Citibank. Citibank's no longer in the case. They were in federal court, though. They're not now. Well, they were when it was removed. So, if any re- You still got the 30-day problem. You still have a problem. Because if they were a defendant, when you're removed, you can't claim to be- And that's not our argument, Your Honor. Our argument is that a defendant in a case is simply the party against whom relief is sought. I do understand your argument, but Judge Niemeyer was giving you- was holding out the possibility of a more nuanced approach without sort of this head-up front assault on Palisades. And that was what I was speaking to. I understand. And I think that still exists. And I think it exists because we know here that the Citibank original complaint was dismissed and that Citibank, the claims against Citibank were also dismissed by Mr. Jackson. And what this court- That was after removal, right? I'm sorry, Your Honor. That was after removal. It was. But you don't get the benefit of that fact you just stated in deciding whether it was properly removed. The dismissal of the claims against Citibank? Yeah. I mean, even if we include- Well, not even if. It seems to me we have to start with the facts that we're applying. And the facts we're applying is that at the time of removal, which is now subject to challenge, at the time of removal, Citibank was in the case as a counterclaim defendant. Correct. They were. And what U.S. Fidelity tells us is that- How are we going to- It says, Antagonism between the parties should be resolved by the pleadings and the nature of the controversy. At the time of removal, Your Honor, the only claims that were being brought in this case were by Mr. Jackson. The only parties against whom relief was being sought was Home Depot, Carolina Water, and Citibank. And, of course, Citibank is no longer in the case anymore. It's appropriate under those circumstances to align the parties with what their interests are and to use Judge Niemeyer and Judge Shed's term to label the parties correctly. Let me ask this. Would you do this? You're running out of time quickly. Could you make your most compelling argument in about 30 seconds on why you should win this case? Yes, Your Honor. It's because in Palisades, this court relied upon a strict construction of capital. In 2014, Dark Cherokee told us that that was not the correct approach. And the significance of the Dark Cherokee decision cannot be understated. And, in fact, the Ninth Circuit told us in Jordan... Well, no, just make the argument. So you say that Palisades has been overridden by the Supreme Court and that the new result under Dark Cherokee is that what? Is that when read correctly, the language in 1453b, it says that a class action may be removed by any defendant, includes the type of defendant that Home Depot was here. Regardless of the label, it was removable by Home Depot. We were a defendant to a class action. I like that argument, but I lost. All right. We'll come down to Greek Council and proceed on to the next case.
judges: Paul V. Niemeyer, Dennis W. Shedd, Allyson K. Duncan